The People of Puerto Rico, Plaintiff and Appellee, *v.*
Juan Vázquez Suárez, Defendant and Appellant.

No. 11254.   Argued June 14, 1946.—Decided July 15, 1946.

*Alfonso Lastra Chárriez, José R. Fournier, Samuel R. Quiñones,* and
*Francisco Torres Aguiar* for appellant. *E. Campos del Toro,
Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Juan Vázquez Suárez was charged in the District Court of Bayamón with the crime of murder in the first degree and convicted by a jury of voluntary manslaughter, for which he was sentenced by the court to eight years' imprisonment in the penitentiary. In this appeal the lower court is charged with having committed twenty-one errors. It suffices to consider the second assignment of error, which, in our opinion, calls for a reversal of the judgment and the holding of a new trial.

It is alleged in the second assignment that the lower court erred in excusing jurors Martín Ibáñez, Juan Ríos, Rafael Martínez, and Ramón Bou Galí, without any cause,

394

except for the unjustified reason that they are residents of Corozal, and without said jurors having been objected to by the parties or requested to be excused.

The crime charged against defendant took place, according to the information, in the town of Corozal. The incident which gave rise to the decision of the court occurred at the beginning of the trial when the jury was about to be formed. The clerk drew twelve slips from the box which contained the regular panel and the twelve jurors chosen were preliminarily sworn. Among them were Martín Ibáñez and Juan Ríos of the town of Corozal. They were examined by the district attorney as well as by the defendant's attorney as to their qualifications in order to determine whether they could be challenged for cause, and they stated that, although they resided in Corozal and knew the parties and had heard comments on the case, they had not formed any opinion as to the case and were ready to bring a fair impartial verdict. The following then took place:

"THE COURT: How many gentlemen of the jury are from Corozal?—A. Two.—THE COURT: The Court excuses you from serving as jurors in this case pursuant to the discretionary power granted to the Court. Mr. Ríos and Mr. Martín Ibáñez are excused.—DEFENSE: With Your Honor's leave. Do you mean that these two gentlemen may not serve as jurors in this case because they are from Corozal and that they have been excused on that ground?—THE COURT: They have answered that they do not know the facts of the case but since the facts took place in a small town like Corozal, the Court deems it advisable that they should be excused from serving as jurors in furtherance of justice.—DEFENSE: We respectfully object to the decision of the Court on the ground that Your Honor's decision does violence to the formation and constitution of the jury. We wish to know where should the persons who try the guilt or innocence of each individual live if not within the district.—THE COURT: The Court has reason to believe, through the questions asked by the parties, that they should not serve as jurors. The defendant is only entitled, at most, to a fair and impartial trial.—DEFENSE: We take exception to the decision of the Court." (Tr. of Ev., pp. 35-36).

Other jurors were peremptorily challenged and the panel was completed. Among the new jurors were Messrs. Rafael Martínez and Ramón Bou Galí from Corozal. The former only answered that he knew nothing of the case when the Court excused him "on the same ground previously set forth," and upon the defendant taking an exception the court stated: "Let the exception be entered. The Court has discretionary power to excuse any juror for any reason when the Court believes that he should not serve as juror." (Tr. of Ev. p. 57.)

As to Mr. Bou Galí, he stated that he knew nothing of the case except what he had read in the newspapers, but that he had not formed his opinion and was ready to bring a fair and impartial verdict. Notwithstanding this, the court excused him because he was from Corozal, and repeated that it had discretionary power to excuse any member of the jury. The defense took an exception.

Section 188 of the Code of Criminal Procedure enumerates eleven classes of persons who are exempt from liability to act as jurors, and provides that "The court must discharge a person from serving as a trial juror in either of the following cases: Where it satisfactorily appears that he is not competent" and "Where it satisfactorily appears that he is exempt and claims the benefit of exemption." Section 189 further provides that "A juror must not be excused by a court for slight or trivial case or for hardship or inconvenience to his business, but only when material injury or destruction to his property or of property entrusted to him is threatened, or when his own health or the sickness or death of a member of his family require his absence."

Pursuant to § 184 of the aforesaid Code, a jury is a body of men selected from the citizens of a particular district. This body of men is selected by a commission which consists of one person for each of the municipalities comprised in the

district appointed by the district court.[1] Said commissioners shall prepare a general final list of three hundred jurors for the district and each commissioner shall prepare a provisional list of one hundred names of persons of his respective municipality who shall be qualified to act as jurors in the judicial district, and said commissioners shall determine, as far as possible, the proportional number which corresponds to each municipality out of three hundred jurors, taking as a basis therefor its population pursuant to the last census, and the number so determined shall be drawn by lot from among the one hundred names on the provisional list of the respective municipality. (Section 194 of the Code of Criminal Procedure.) After certifying the list of three hundred jurors, the persons whose names are comprised in said final list "shall be known as regular trial jurors of the district court for the judicial district in which they have been drawn, . . . " (Section 197 of the Code of Criminal Procedure.)

It follows, therefore, that, although a jury is a body of men selected from among the citizens of a particular district, there should appear in said jury, proportionally to its respective population, persons o feach and all municipalities which comprise the judicial district. However, this does not mean that upon constituting a jury in a particular case the persons drawn by lot should be considered as jurors of the municipality wherein they reside, but since they are of said municipality, they are jurors of the judicial district with residence in one of its municipalities. The jurors who resided in Corozal formed part of the panel of jurors of the judicial district of Bayamón. The fact that the crime took place in the town of Corozal did not imply *per se* that they were legally disqualified to try said facts. Did the lower court have discretion, *motu proprio*, to excuse them on the ground that they were from Corozal? The question should be answered in the negative.

---

[1] Section 1 of the Act of March 10, 1904 (Laws of 1904, p. 127), as amended by Act No. 21 of March 11, 1918 (Laws of 1918, p. 114).

We have held that excusing several jurors from service in a case is a question that rests in the sound discretion of the court. *People* v. *Morales, alias Yare Yare,* 14 P.R.R. 227; *People* v. *Gracia,* 31 P.R.R. 861; *People* v. *Cruz,* 60 P.R.R. 112. The case at bar is different. The jurors from Corozal did not ask to be excused. The district attorney had not challenged them either. On the contrary, according to their answers upon being examined, they could not have been challenged for cause. As a matter of fact, the lower court did not excuse them, it challenged them peremptorily on its own motion.

In *State* v. *Royster,* 186 S. E. 921 (S. C. 1936), it was held that the court had no power to exclude from the panel of jurors, on defendant's motion filed prior to the trial, all textile members of the jury on the ground that the murder charged had occurred in a fight between striking and non-striking mill employees. The Supreme Court said:

"But we do not think that it may soundly be held, either as a matter of law or of fact, that all members of a certain class, especially where such class is a large one, are biased or prejudiced in a particular matter because of feeling existing between such classes. But even if such fact should finally be made to appear, the only way it could properly be determined in such a case would be by applying the legal test provided for in section 637 of the Code." (This Section refers to challenges for cause.)

To the same effect in *State* v. *Williams,* 9 S. E. 853, the judgment was reversed because the judge excluded a juror who had not been challenged by the parties on the ground that he had been a witness in another case. The court stated at page 861: "We do not know upon what legal principle this was done. It is true, as we have said, that an impartial jury should be had. This is essential both for the state and for the prisoner, and the general assembly has enacted a law to that end. (Citing authorities.) That act provides the mode and manner by which the question of prejudice shall be determined, with the right to either side, upon motion, to

have it applied. We think it was error for his honor to act without applying this legal test. If one juror could be thus ruled out, why not the whole panel? . . . "

Lastly in *Thiel. v. Southern Pacific Co.*, decided May 20, 1946, the United States Supreme Court reversed a judgment on the ground that it was proved that in the selection of the general jury panel all persons working for a daily wage had been excluded. It was a California case. The Court stated:

"The American tradition of trial by jury, considered in connection with either criminal or civil proceedings, necessarily contemplates an impartial jury drawn from a cross-section of the community. (Citing authorities.) This does not mean, of course, that every jury must contain representatives of all the economic, social, religious, racial, political and geographical groups of the community; frequently such complete representation would be impossible. But it does mean that prospective jurors shall be selected by court officials without systematic and intentional exclusion of any of these groups. Recognition must be given to the fact that those eligible for jury service are to be found in every stratum of society. *Jury competence is an individual rather than a group or class matter.* That fact lies at the very heart of the jury system. To disregard it is to open the door to class distinctions and discriminations which are abhorrent to the democratic ideals of trial by jury." (Italics ours.)

Referring in the same case to the judicial discretion, it was held that "This discretion, of course, must be guided by pertinent statutory provisions" and it was decided that neither under the Federal or California state laws this exclusion was justified. Among the Sections cited from the California Code of Civil Procedure, there are §§ 200 and 201 equivalent (in civil cases) to §§ 188 and 189 of our Code of Criminal Procedure, *supra.*

District courts have ample discretion to exclude persons from serving as jurors pursuant to §§ 188 and 189 of the Code of Criminal Procedure. However, as we have said, what the court really did in this case was not to excuse the jurors from Corozal, but to challenge them peremptorily.

This action is not contemplated by the judicial discretion granted to the courts. See *Welch* v. *Tribune Pub. Co.,* 47 N. W. 562, and *Sullivan* v. *State,* 15 So. 264.

To accept this action of the lower court would imply that the jury is not a body of men chosen from the citizens of the corresponding judicial district, as provided by law, but from citizens of the district excluding those residing in the municipality where the crime is alleged to have been committed. Although a defendant is not entitled to demand that a particular person form part of the jury who is going to try him, yet he is entitled to require that the exclusion of any person from jury service be done in obedience to the law.

The judgment appealed from must be reversed and the case remanded for a new trial.